UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

BALADE YOUR WAY, INC., ET Al.[1]     Lead Case No. 23-11384 (DSJ)
                                      (Jointly Administered)

                         Debtors.
------------------------------------------------------------------------X

## INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL BY DEBTORS PURSUANT TO 11 U.S.C. SECTION 363

UPON the motion dated June 20, 2023 (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors") seeking authority to, *inter alia*, use cash collateral in which the United States Small Business Administration (the "SBA" and any other secured creditors who have asserted an interest in cash collateral, the "Secured Creditors") may assert a security interest pursuant to Sections 363(c)(2) and 361 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 4001; and an interim hearing having been held on October 19, 2023 (the "Interim Hearing"), and no objections to the Motion having been filed, and upon the record taken at the Interim Hearing including the stated consent of the Secured Creditors to the granting of the relief in the Motion on an Interim basis, subject to the terms of this Interim Order, and all of the pleadings heretofore filed in this proceeding, it is hereby found and determined as follows:

A.      On August 30, 2023 (the "Petition Date") each of the Debtors filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and have continued in possession of their property and the management of their business pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

---

[1] Jointly administered with Great Caters LLC (Tax ID No. **-***8508), Case No. 23-11383 (DSJ).

B.  As of the date hereof, the Bankruptcy Court has not authorized the appointment of an Official Creditors' Committee as provided for in Section 1102 of the Bankruptcy Code. No examiner has been heretofore appointed in this proceeding.

C.  Prior to the Petition Date, in or around June 2020 and in response to the Covid-19 Pandemic, the Debtors obtained various EIDL loans with the SBA (the "Note"), whereby the SBA initially loaned the principal sum of approximately $150,000 to each debtor which obligation was secured pursuant to, inter alia, various security agreements executed sometime in or around June 2020 as well (collectively, the "Security Agreements"). On March 10, 2022, Balade Your Way, Inc. extended its loan with the SBA to $2,000,000. On April 8, 2022, Great Caterers LLC also extended its loan with the SBA to $2,000,000. The Debtors acknowledge on behalf of themselves that pursuant to the Loan Documents, the SBA holds a first priority perfected security interest in the Collateral to secure the Debtors' indebtedness to it.

D.  The Debtor acknowledges on behalf of itself and not on behalf of any creditors or other parties in interest that the SBA duly perfected its lien in the Debtors' assets by filing UCC-1 financing statements evidencing its lien (the "SBA Pre-Petition Liens" and together with and any other of the Secured Creditors' pre-petition liens, the "Pre-Petition Liens").

E.  Prior to the Petition Date, the New York State Department of Taxation and Finance ("NYSDTF") filed tax warrants against debtor Great Caterers LLC in relation to approximately $235,337.00 in unpaid sales tax for March 2020 and March 2021. As a result of these warrants, the Debtors believe that NYSDTF also has an interest in cash collateral.

F.  The Debtors acknowledge on behalf of themselves and not on behalf of any creditors or other parties in interest that sometime thereafter the Debtors' agreement with the SBA, various multiple merchant cash advance lenders (the "Other Secured Parties") who the Debtors made

2

further agreements with, filed their own UCC-1 financing statements on certain of the Debtors. However, the Debtors do not believe the liens of the merchant cash advance lenders are valid and/or perfected and/or constitute an interest in cash collateral.

G.    The term "Cash Collateral" shall mean and include all "cash collateral," as that term is defined by 11 U.S.C. § 363, in or on which the Secured Creditors have liens that attach and/or a security interest.

H.    The Debtors' use of Cash Collateral is essential to the continued preservation and maximization of the Debtors' estate.

I.    The Debtors' secured creditors are entitled to receive adequate protection within the meaning of, and pursuant to 11 U.S.C. § 363(e), for any decrease in the value of the Secured Creditor's interest since the Petition Date in the Cash Collateral as set forth in this Order.

J.    Continued use of the Cash Collateral on an interim basis, pending a final hearing, is necessary to prevent immediate and irreparable harm to the Debtors' estate in that without authorization to use the Cash Collateral, the Debtors' ability to sustain their operations and meet their current, necessary, and integral business obligations will be impossible.

K.    The value of Debtors' estates will be maximized by the continuation of the Debtors as a going business, and the use of the Cash Collateral is essential to such operation.

**BASED UPON THE FOREGOING,** it is hereby ORDERED as follows:

1.    The Motion is GRANTED on an interim basis. Effective immediately and continuing through and including November _ 2023 at 5:00 p.m. (the "Interim Period"), the Debtors are authorized to use the Cash Collateral on an interim basis subject to the terms of this Order and in accordance with the budget annexed hereto as **Exhibit A,** subject to a 10% variance or further order of this Court. At the Final Hearing (as defined below), the Court will consider the

3

Debtors' request to use Cash Collateral after the Interim Period.

2.   This Court has jurisdiction over these proceedings and the parties and property affected hereby pursuant to 28 U.S.C. § 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this Court pursuant to 28 U.S.C. § 1408. Notice of relief sought herein was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C. § 102(1)(A) and Federal Rule of Bankruptcy Procedure 4001(b)(2).

3.   In addition to the existing rights and interests of the SBA, NYSDTF, and the Other Secured Parties in the Cash Collateral and for the purpose of adequately protecting it from Collateral Diminution,[2] the SBA, NYSDTF, and the Other Secured Parties are hereby granted valid, enforceable, fully-perfected, security interests (the "Replacement Liens"), to the extent that said Pre-Petition Liens were valid, perfected and enforceable as of the Petition Date and in the continuing order of priority that existed as of the Petition Date, to the extent of, and as security for any decrease in the value of the SBA, NYSDTF, or the Other Secured Parties' interest in the Cash Collateral since the Petition Date in, to and upon all existing and hereafter-acquired property of the Debtors of any kind or nature including, but not limited to, Debtors' real, personal, tangible and intangible property, as well as any and all proceeds, products, offspring, rents and profits thereof, in the same validity, order and priority as the Pre-Petition Liens, subject, in accordance with the priority as set forth herein, and subordinate only to: (i) United States Trustee fees pursuant to 28 U.S.C. Section 1930, together with interest, if any, pursuant to 31 U.S.C. Section 3717 and any Clerk's filing fees; (ii) the fees of Chapter 11 professionals to the extent allowed under 11 U.S.C. Section 330 or 331 of the Code; and (iii) the fees and commissions of a hypothetical Chapter

---

[2] For purposes of this Order, "Collateral Diminution" shall mean any diminution in value of the Secured Creditor's interests in Debtor's property as of the Petition Date by reason of Debtor's use of Cash Collateral in accordance with this Order.

4

7 trustee in an amount not to exceed $10,000 (the "Carve-Out"). In addition, the Replacement Liens granted hereby shall not attach to the proceeds of any recoveries of estate causes of action under Sections 542 through 553 of the Bankruptcy Code.

4. Furthermore, each of the Debtors shall make monthly adequate protection payments under their respective EIDL loans with the SBA at $5,000 a month during the Chapter 11 Cases. The Debtors shall also make monthly adequate protection payments to NYSDTF in the amount of $2,000 a month during the Chapter 11 Cases.

5. All of the Debtors' expenditures shall be specifically accounted for in detailed monthly operating reports which the Debtors shall file with the Bankruptcy Court.

6. The Debtors will provide a line item in the Budget for Subchapter V Trustee fees of $2,000 per month until the month that the plan is filed and $1,000 per month during the pendency of the case. The Debtors are required, on a monthly basis, to set aside the monthly budget amount in Debtors' counsel's trust account. The distribution of the proceeds of those funds will be subject to further order of the court and binding on all parties. The SBA, NYSDTF, the Other Secured Parties, the Debtors and the Subchapter V Trustee are reserving all their rights hereunder.

7. The security interests and liens herein granted and regranted, including the Replacement Liens: (i) are and shall be in addition to, and not in substitution of, all security interests, liens, encumbrances, and rights of set-off existing in favor of the SBA, NYSDTF, and the Other Secured Parties on the Petition Date, or other rights of theirs currently existing or hereinafter arising; (ii) shall secure, in whole or in part, the payment of indebtedness to the SBA, NYSDTF, and the Other Secured Parties; and (iii) shall be deemed to be perfected without the necessity of any further action by the SBA, NYSDTF, the Other Secured Parties or the Debtors. Without limitation, therefore, the SBA, NYSDTF, and the Other Secured Parties shall not be

required to file financing statements or other documents in any jurisdiction or take any other action to validate or perfect the liens and security interests granted by this Order. This Order shall be sufficient and conclusive evidence of the validity of the Replacement Liens.

8. The SBA and NYSDTF shall have the right to assert a superpriority claim pursuant to 11 U.S.C. § 507(b), and the Debtors shall have the right to their defenses to such a claim.

9. The Debtors shall maintain all necessary insurances, including, without limitation, liability and workmen's compensation as may be required, and obtain such additional insurances in an amount as is appropriate for the businesses in which the Debtors are engaged.

10. The right of Debtors to use the Cash Collateral shall terminate immediately upon the occurrence of any of the following events:

    a) the entry of an order of the Court converting or dismissing the Chapter 11 cases;

    b) the entry of an order of the Court confirming a plan of reorganization in the Chapter 11 cases;

    c) the failure of the Debtors (i) to perform any of their obligations under this Order (a "Default"), (ii) the failure to file any post-petition tax returns and pay the taxes due thereon, and (iii) to cure such Default within ten (10) business days after the giving of written notice thereof to the Debtors, the SBA, NYSDTF, and the Other Secured Parties, the United States Trustee and any official committee appointed in the Chapter 11 Cases by the SBA, NYSDTF, and the Other Secured Parties (the "Cure Period");

    d) the amendment, supplementation, waiver or other modification of all or part of this Order without, the SBA, NYSDTF, and the Other Secured

        Parties having been given at least seventy-two (72) hours advance, written notice, by overnight service upon them (unless otherwise prescribed by the Bankruptcy Court having jurisdiction over Debtors' cases).  However, in no event shall the Debtors seek emergency relief concerning this Order from the Court without the SBA, NYSDTF, and the Other Secured Parties having been given at least twenty-four (24) hours advance, actual notice (via telephone or electronic mail); or

    e)    the termination of all or substantially all of the operations of the Debtors, whether by voluntary act(s) or omission(s) of the Debtors, or otherwise.

11.    Nothing contained in this Order shall be construed to create rights of third parties for or against the SBA, NYSDTF, and the Other Secured Parties not otherwise provided by law.

12.    The SBA, NYSDTF, and the Other Secured Parties may in their discretion, file a certified copy of this Order in any jurisdiction in which the Debtors have or come to have real or personal property, and in such event, the subject filing/recording officer is hereby authorized and directed to file/record such certified copy.

13.    The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court with the consent of the SBA, NYSDTF, the Other Secured Parties, and the Debtors.

14.    If any or all of the provisions of this Order are hereafter modified, vacated, or stayed by subsequent order of this Court or any other court, such stay, modification or vacatur shall not affect the validity and enforceability of any lien, priority or benefit with respect to any indebtedness of the Debtors to the SBA, NYSDTF, and the Other Secured Parties.

15.    The findings contained in this Order are binding upon the Debtors and all parties in

7

interest (including but not limited to any statutory committee subsequently appointed in the Chapter 11 cases).

16. This Order shall be binding upon any subsequently appointed or elected trustee in a successor case under Chapter 7 of the Code.

17. The Bankruptcy Court shall retain jurisdiction with respect to all matters pertaining to this Order.

18. Objections to the final relief requested in the Motion shall be made in writing, filed with the Bankruptcy Court at the Court's website www.nysb.uscourts.gov (log in and password required), with a copy delivered directly to the chambers of the Honorable David S. Jones and served upon Davidoff Hutcher & Citron LLP, 120 Bloomingdale Road, Suite 100, White Plains, NY 10605, Attn: Jonathan S. Pasternak, Email: jsp@dhclegal.com so as to be received no later than November __, 2023 at 5:00 p.m.

19. A hearing (the "Final Hearing") to consider the relief requested in the Motion on a final basis shall be conducted on November __, 2023 at 10:00 a.m. before the Honorable David S. Jones, United States Bankruptcy Judge, Southern District of New York.

20. Except as otherwise provided herein, or by Order of the Court, all demands, notices, requests, consents, reports, or other communications provided for hereunder shall be made in writing, and shall be deemed to have been given either upon (i) personal delivery, by courier or messenger service, and acknowledgment, by any officer (or authorized recipient of deliveries to the office) of the party to whom given, as of the date and time so acknowledged, or (ii) due deposit into the United States mail, by first class mail. In all cases, such demands, notices, requests, consents, reports, or other communications shall be dispatched to the following addresses (or such other addresses as may be furnished hereafter, by written notice given in accordance with the terms

of this paragraph):

In the case of the SBA:

    U.S. Small Business Administration
    National Disaster Loan Resolution Center
    200 West Santa Ana Boulevard
    Santa Ana, CA 92701
    Attn: Attorney Advisor Jeffrey Schervone
    Tel: (212) 264-1482
    Email: Jeffrey.Schervone@sba.gov

    -and-

    United States Attorney's Office, Civil Division
    86 Chambers Street, 3rd Floor
    New York, NY 10007
    Tel: (212) 637-2734

In the case of Debtors:

    Jonathan S. Pasternak, Esq.
    Robert L. Rattet, Esq.
    Davidoff Hutcher & Citron LLP
    120 Bloomingdale Road, Suite 100
    White Plains, NY 10605
    Phone: (914) 381-7400
    Fax: (914) 381-7406
    Email: jsp@dhclegal.com
          rlr@dhclegal.com

In case of the NYSDTF:

    Enid  Nagler Stuart
    New York State Office of the Attorney General
    Special Bankruptcy Counsel
    Litigation Bureau
    28 Liberty Street  17th floor
    New York, NY 10005
    Phone: (212)-416-8666
    Email: Enid.Stuart@ag.ny.gov

21. All payments to NYSDTF shall be made by check made payable to New York State Department of Taxation and Finance and mailed to :

> Enid Nagler Stuart
> New York State Office of the Attorney General
> Special Bankruptcy Counsel
> Litigation Bureau
> 28 Liberty Street 17th floor
> New York, NY 10005

22. Unless otherwise stated, all payments that the SBA is entitled to receive, or that the Debtors are required to provide to the SBA pursuant to this Order, shall be made through www.pay.gov or MySBA Loan Portal or directed to the following address:

> U.S. Small Business Administration
> Denver Finance Center
> 721 19th Street
> Denver, CO 80202

Dated: New York, New York
October __, 2023

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE