DAVIDOFF HUTCHER & CITRON LLP  
*Attorneys for the Debtors*  
120 Bloomingdale Road, Suite 100  
White Plains, New York 10605  
(914) 381-7400  
Robert L. Rattet, Esq.  
Jonathan S. Pasternak, Esq.  

*Presentment Date*: October 18, 2023  
*Presentment Time:* 12:00 p.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------------X  
In re:

BALADE YOUR WAY, INC., ET Al.[1]    Lead Case No. 23-11384 (DSJ)  
(Jointly Administered)

                                 Debtors.  
------------------------------------------------------------------X

## APPLICATION IN SUPPORT OF ORDER AUTHORIZING AND APPROVING RETENTION OF KLINGER & KLINGER, LLP AS ACCOUNTANTS TO THE DEBTORS AND DEBTORS-IN-POSSESSION

TO:    THE HONORABLE DAVID S. JONES,  
         UNITED STATES BANKRUPTCY JUDGE:

        The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their counsel, Davidoff Hutcher & Citron LLP, hereby submit this application (the "Application") for an entry of an Order, substantially in the form attached hereto as Exhibit "A", pursuant to sections 327(a) and 330 of Title 11 of the United States Code, 11 U.S.C. §§101 *et seq*. (as amended, the "Bankruptcy Code") and Rules 2014(a) of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rule 2014-1 of the Local

---

[1] Jointly administered with Great Caters LLC (Tax ID No. **-***8508), Case No. 23-11383 (DSJ).

Rules For the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), effective as of October 3, 2023. The Application is made and based upon the authorities provided herein, and the Affidavit of Lee Klinger in Support of the Application to Retain and Employ Klinger & Klinger, LLP ("Klinger") as Accountants to the Debtors (the "Klinger Affidavit"), which is attached hereto as Exhibit "B" and incorporated by reference herein. In further support of this Application, the Debtors set forth and allege as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. These proceedings have been initiated pursuant to Bankruptcy Code § 105(a), 327 and Bankruptcy Rule 2014.

## BACKGROUND

2. On August 30, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

3. Then Debtors are companies organized under the laws of the State of New York and are in the restaurant/food service industry. The debtor, Balade Your Way, Inc., operates a restaurant located 144 West 37th Street New York, NY 10018. The debtor, Great Caterers LLC, operates a restaurant located at 208 First Avenue New York, NY 10009.

4. The Debtors are authorized to continue to operate their business and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and (b) and 1108 of the Bankruptcy Code.

5. The Debtors intend to restructure their affairs, liquidate all claims and file a plan of reorganization to successfully emerge from Chapter 11.

## RELIEF REQUESTED

6. The Debtors necessarily require the engagement of Klinger to, inter alia, advise the Debtors in matters regarding restructuring and reorganization, interface with the Debtors' financial records to form a budget for cash collateral and a potential future debtor in possession finance agreement, make recommendations to the Debtors, and otherwise assist and advise the Debtors in all matters regarding their Chapter 11 reorganization. In order for the Debtors to be successful in their reorganization efforts, they require a knowledgeable and well-experienced accountant with extensive experience in complex bankruptcy and insolvency matters such as the Debtors' Chapter 11 cases.

7. The Debtors seek to retain Klinger as their accountant because of their extensive experience in providing financial and operational guidance to companies in distressed situations and in restructuring scenarios. The partners, managing directors, directors, senior managers, managers, associates and other professional staff of Klinger have extensive experience in working with financially troubled companies in complex financial restructurings both out-of-court and in comparable Chapter 11 cases. Klinger's professionals have provided financial advisory and accounting services to many debtors, creditors and other constituents in Chapter 11 and Chapter 7 cases. The Debtors believe that Klinger is well qualified to act as their financial advisors and to perform necessary services for the Debtors which are necessary for the successful prosecution of the Debtors' Chapter 11 cases and as may be further necessary as set forth in the accompanying Klinger Affidavit.

8. Subject to this Court's approval, Klinger is prepared to provide a range of

3

strategic financial advisory services to the Debtors. The Debtors submit that Klinger possesses the requisite resources and is both highly qualified and uniquely able to act as accountants to the Debtors. Klinger is qualified to perform such services that are necessarily required by and for the Debtors.

9.     The resources, capabilities and experience of Klinger in advising the Debtors is crucial for a successful restructuring. Klinger intends to work closely with the Debtors and the Debtors' representatives to ensure there is no unnecessary duplication of services performed or charged to the Debtors' estates. The Debtors intend to carefully monitor and direct the services to be provided to maximize efficiencies and promote economy for the benefit of the estate.. Accordingly, authorizing the relief requested herein is appropriate in these Chapter 11 cases.

### Scope of Services

10.    Consistent with the terms of the engagement letter dated October 3, 2023, Klinger will provide various services that may include, but are not necessarily limited to, the following (the "Services"):

   a. Identify and facilitate the Debtors' restructuring options, assisting the Debtors in exploring strategic alternatives and assisting the Debtors in navigating a bankruptcy process, as needed, including preparation of documentation attendant to a bankruptcy filing;

   b. Assist the Debtors in the preparation of short and long-term projections (balance sheet, profit and loss, and cashflows);

   c. Assist the Debtors in the preparation of financial-related disclosures required by the Bankruptcy Court, including any amendments to the Debtors' Schedules of Assets and Liabilities, Statements of Financial Affairs, monthly operating reports, etc.

   d. Institute procedures to ensure the safekeeping and security of the Debtors' assets;

   e. Assist the Debtors in resolving vendor issues;

4

 f. Assist the Debtors with information and analyses requested by parties in interest and/or required pursuant to its cash collateral arrangements;

 g. Assist the Debtors in the preparation of financial statements;

 h. Preparation of financial statements and other reports as may be required by the Court or under the United States Trustee Guidelines;

 i. Administer the accounting and financial advisory services;

 j. Assist the Debtors in daily administrative and operational duties;

 k. Prepare and validate updated and rolling 13-week cash flow projections, including analyzing historical cash disbursements and receipts and results of operation to determine the reasonableness of projected cash flows and short-term cash needs; and

 l. Render such other general services consulting or other such assistance as the Debtors or their counsel may deem necessary.

11. Subject to this Court's approval of the relief requested in this Application, Klinger will provide the Services to the Debtors.

### Klinger's Disinterestedness

12. Klinger has reviewed its electronic database (the "Database") and, to the best of its knowledge, except to the extent disclosed in the Klinger Affidavit, Klinger is a "disinterested person" with the meaning of section 101(14) of the Bankruptcy Code, does not hold or represent an interest adverse to the Debtors' estate, and has no connection to the Debtors, their creditors or their related parties. Klinger will periodically review its files during the pendency of the Debtors' case to ensure that no conflicts or other disqualifying circumstances exist or arise. If Klinger discovers any new relevant facts or relationships pertaining to the matters described herein during the period of its retention, Klinger will promptly file a supplemental affidavit with the Court.

13. To the best of the Debtors' knowledge, Klinger has no connection with the

5

Debtors' creditors or any other parties in interest or their respective attorneys, except as set forth in the Klinger Affidavit annexed hereto as Exhibit B.

14. To the best of the Debtors' knowledge, Klinger represents no interest adverse to the Debtors' estates, or any other interested person in the matters with respect in which Klinger is to be engaged as accountants.

15. Klinger is a "disinterested person" as that term is defined in Bankruptcy Code §101(14) in that said firm:

    (a)    is not a creditor, an equity security holder, or an insider;

    (b)    is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

    (c)    does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

*See* 11 U.S.C. § 101(14).

16. Accordingly, the Debtors submit that the retention of Klinger is necessary and is in the best interests of the estates.

17. As a result of all of the foregoing, the Debtors believe that, not only is Klinger a disinterested person within the meaning of Section 101 of the Bankruptcy Code but is best qualified professional to perform services which are necessarily required.

## **Klinger's Compensation**

18. The Debtors believe that Klinger should be employed and compensated at the rates reflected in the Klinger Affidavit filed contemporaneously herewith. All charges for fees and expenses are subject to review by the Court, in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of the United States

6

Bankruptcy Court for the Southern District of New York (the "Local Rules") and any other applicable procedures and orders of the Court. Compensation will be payable to Klinger on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Klinger. Klinger's billing rates for the financial advisory and accounting services of the nature to be rendered to the Debtors are as follows:

| Professional | Hourly Rate |
|---|---|
| Partner | $400 |
| Staff Accountant | $325 |
| Paraprofessional | $125 |

Klinger's hourly rates vary with the experience and seniority of the individuals assigned. The hourly rates of Klinger are subject to periodic adjustments to reflect economic and other conditions. In the normal course of business, Klinger revises its hourly rates each year. The Debtors and Klinger respectfully submit that such rates are reasonable in light of the quality and specialized nature of the services being provided and are consistent with the market.

19. The Debtors and Klinger understand that any compensation paid to Klinger must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules or further Order of this Court. In addition, Klinger will also seek reimbursement for actual and necessary out-of-pocket expenses incurred in connection with its engagement with the Debtor in the Chapter 11 case, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging. Consistent with local practice, nonworking travel time will be charged at half of actual time incurred. Expenses for actual costs incurred will be charged in accordance with the applicable Rules and Guidelines of this Court.

20.  The Debtors request approval of the retention of Klinger to represent the Debtors, effective as of October 3, 2023. Due to the complex and sensitive nature of the Debtors' cases, there is an immediate need for Klinger to perform services for the Debtors, and the Debtors have sought authorization to retain and employ Klinger as soon as reasonably practicable.

21.  The Debtors desire to retain Klinger to perform services, which are absolutely necessary to the administration of the Chapter 11 cases and the Debtors believe that Klinger's fee and expense structure is consistent with and typical of compensation arrangements entered into by Klinger and less or equal to other comparable firms in connection with the rendering of similar services under similar circumstances.  The Debtors are satisfied and believe that the fee structure requested by Klinger as compensation for the services to be rendered by the firm is ordinary, fair and in fact reasonable.

22.  Klinger is already becoming familiar with the Debtors' books, records, operations and industry.

23.  Klinger is neither a pre-petition creditor of the Debtors nor has it received any retainer from the Debtors heretofore.

24.  Other than as set forth herein or in the engagement letter, there is no proposed arrangement between the Debtors and Klinger for compensation to be paid in the Chapter 11 cases.

## Notice

25.  The Debtors will provide notice of this Application to the following parties or their respective counsel, if known: (a) the Office of the United States Trustee for the Southern District of New York; (b) Heidi Sorvino, the Subchapter V Trustee; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the

nature of the relief requested, no other or further notice need be given.

## No Prior Request

26. No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, for the reasons set forth herein, the Debtors pray for the entry of the pre-fixed Order, substantially in the form annexed hereto as Exhibit "A" authorizing the retention and employment of Klinger as accountants to the Debtors, effective as of October 3, 2023, under section 327(a) of the Bankruptcy Code and for such other and further relief as this Court may deem just and proper.

Dated:   White Plains, New York
         October 4, 2023

                                   DAVIDOFF HUTCHER & CITRON LLP
                                   *Attorneys for the Debtors*
                                   120 Bloomingdale Road, Suite 100
                                   White Plains, New York 10605
                                   (914) 381-7400


                                   By: */s/ Jonathan S. Pasternak*
                                        Jonathan S. Pasternak