**DAVIDOFF HUTCHER & CITRON LLP**
*Attorneys for the Debtors*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
In re:

BALADE YOUR WAY, INC., ET Al.[1]                    Lead Case No. 23-11384 (DSJ)
                                                    (Jointly Administered)

                              Debtors.
--------------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING AND APPROVING RETENTION OF KLINGER & KLINGER, LLP AS ACCOUNTANTS TO THE DEBTORS

STATE OF NEW YORK          )
                           )      ss:
COUNTY OF NEW YORK         )

Lee Klinger, being duly sworn, deposes and says:

1.      I am a Certified Public Accountant and a partner of Klinger & Klinger, LLP ("Klinger"). Klinger is headquartered at 370 Lexington Avenue, Suite 2008, New York, New York 10017.

2.      I head our Restructuring Group in the New York office.

3.      This Affidavit is submitted in support of the application (the "Application")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor"), for authorization to retain and

---

[1] Jointly administered with Great Caters LLC (Tax ID No. **-***8508), Case No. 23-11383 (DSJ).
[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

employ Klinger as Accountants to the Debtors, effective as of October 3, 2023, and for the entry

of an order, pursuant to sections 327(a), 328 and 1107 of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedures (the

"Bankruptcy Rules") authorizing the Debtors to retain and to employ Klinger as accountants to the

Debtors, and to provide the disclosures required under section 327 of the Bankruptcy Code and

Bankruptcy Rule 2014(a).

4.      I have personal knowledge of the matters set forth herein and, if called as a witness,

I could and would testify thereto.

### Klinger's Qualifications

5.      Klinger is a financial advisory firm with extensive experience in restructuring and

providing financial and operational guidance to companies in distressed situations.

6.      In particular, Klinger has extensive experience in providing financial advisory

services to troubled companies in retail, the Debtors' industry. Klinger's professionals have

advised debtors, creditors and equity holders in many similar Chapter 11 cases. The current

partners, managing directors, senior managers and other professional staff of Klinger have

extensive experience working with financially troubled companies in complex financial

restructurings in and out-of-court and in comparable Chapter 11 cases. Klinger's professionals

have been involved as financial advisors to debtors, creditors, and other constituents in many

Chapter 11 and Chapter 7 cases.

7.      In addition to Klinger's experience in the reorganization, restructuring and sales of

troubled companies, both in and out of court, Klinger is already in the process of developing an

understanding of the Debtors' financial history, business operations and the industry in which the

Debtors operate.  Its professionals are working closely with the Debtors' management and other

2

professionals and is becoming well-acquainted with the Debtors' business operations, creditors and related matters. Accordingly, Klinger has already developed significant relevant experience regarding the Debtors that will assist Klinger in providing effective and efficient services in the Chapter 11 cases.

### Services to be Provided

8.      In connection with the above-captioned Chapter 11 cases, the Debtors have requested authorization to retain Klinger as their accountants.

9.      Klinger does and will not seek to replicate or duplicate any of the services other professionals will be performing for the Debtors. Instead, and consistent with the terms of the engagement letter and subject to orders of this Court, Klinger will provide various services that may include, but are not necessarily limited to, the following: (the "Services"):

   a.   Explore, identify, and facilitate implementation of the Debtors' Chapter 11 restructuring options and strategic alternatives;

   b.   Assist the Debtors in the preparation of short and long-term projections (balance sheet, profit and loss, and cashflows), and the preparation of budget to actual results;

   c.   Assist the Debtors in the preparation of financial-related disclosures required by the Bankruptcy Court, including monthly operating reports, etc.;

   d.   Assist the Debtors with information and analyses required pursuant to its cash collateral arrangements;

   e.   Assist the Debtors in the preparation of bankruptcy related financial statements;

   f.   Preparation of financial statements and other reports as may be required by the Court or under the United States Trustee Guidelines;

   g.   Assist the Debtors in communicating with and responding to the financial advisors to parties in interest, any other official committees that may be formed, individual creditors, and creditor groups.

   h.   Such other professional accounting services as may be required by the Debtors

3

in order to comply with the requirements of the Court, the US Trustee and the Bankruptcy Code;

i.  Assist the Debtors in daily administrative and operational duties;

j.  Review all cash flow projections, including analyzing historical cash disbursements and receipts and results of operation to determine the reasonableness of projected cash flows and short-term cash needs;

k.  Review and analyze related party transactions;

l.  As appropriate, actively communicate with the Office of the United States Trustee for the Southern District of New York and its professionals, and the Court;

m.  Assist in the preparation of the Company's plan and disclosure statement;

n.   Prepare and provide expert reports and/or court testimony, and

o.  Render such other general services consulting or other such assistance as the Debtors or their counsel may deem necessary.

10.   Subject to this Court's approval of the relief requested in the Application, Klinger will provide the Services to the Debtors. Klinger will coordinate with the Debtors' other retained professionals to avoid unnecessary duplication of services.

## Compensation

11.   Klinger's normal billing rates for the financial advisory and accounting services of the nature to be rendered to the Debtors are as follows:

| Professional | Hourly Rate |
|---|---|
| Partner | $400 |
| Staff Accountant | $325 |
| Paraprofessional | $125 |

Klinger's hourly rates vary with experience and seniority of the individuals assigned. The hourly rates of Klinger are subject to periodic adjustments to reflect economic and other

4

conditions. Klinger respectfully submits that such rates are reasonable in light of the quality and specialized nature of the services being provided and are consistent with the market.

12.     Klinger understands that any compensation paid to Klinger must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules or further Order of this Court. In addition, Klinger will also seek reimbursement for actual and necessary out-of-pocket expenses incurred in connection with its engagement with the Debtors in the Chapter 11 cases, which may include, but are not limited to, postage, overnight mail, courier delivery, transportation, computer assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals and lodging. Consistent with local practice, nonworking travel time will be charged at half of actual time incurred. Expenses for actual costs incurred will be charged in accordance with the applicable Rules and Guidelines of this Court.

13.     Klinger has not received a retainer from the Debtors and will seek a $15,000 retainer payable by a third party instead. Klinger did not receive any pre-petition payments from the Debtor.

14.     Other than as set forth herein or in the engagement letter, there is no proposed arrangement between the Debtors and Klinger for compensation to be paid in the Chapter 11 cases. Klinger is not a creditor of the Debtors' estates.

15.     Klinger intends to maintain detailed, contemporaneous time records in tenths of an hour and to apply to the Court for the allowance of compensation for professional services and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any additional procedures that may be established by the Court in the Chapter 11 cases.  Klinger has agreed to accept as compensation such sums as may be allowed by

the Court and understands that interim fee and final fee awards are subject to approval by this Court.

16.    Klinger hereafter shall apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including, but not limited to Sections 330 and, including, but not limited to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy rules, the Local Rules, and the Guidelines for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court, for all services performed and expenses incurred after its retention date.

17.    Klinger intends to make reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the UST Amended Guidelines in connection with the Application and any interim and final fee applications to be filed in this case. The disclosures made herein are based exclusively on the facts and circumstances of the Chapter 11 cases and Klinger reserves the right to object to such requirements, or any other requirements contained in the UST Guidelines in future cases should it determine that it is appropriate to do so.

### Klinger's Disinterestedness

18.    In connection with its proposed retention by the Debtors in the Chapter 11 cases, Klinger undertook a lengthy conflicts analysis process to determine whether it had any conflicts or other relationships that might cause it to hold or represent an interest adverse to the Debtors or might cause it to not be disinterested.  Specifically, Klinger obtained from the Debtors and/or their representatives a list of the Debtors' known creditors, landlords, parties to executory contracts, members, directors, officers, financial institutions, the Hon. David S. Jones and his staff, the U.S. Trustee Region 2 and members of his office, and the names of individuals and entities that may be parties-in-interest in the Chapter 11 cases (the "Potential Parties-in-Interest") that were made

known to Klinger by the Debtors. Klinger's review, completed under my supervision, consisted of a query of the Potential Parties-in-Interest within an internal computer database ("Database") containing names of individuals and entities that are present or former clients of Klinger.  Only individuals and entities that are party to active matters are considered in determining conflicts.

19.    To the extent that Klinger discovers or enters into any new, relationship with potential parties-in-interest, it will supplement this Affidavit.  To the best of my knowledge and belief, Klinger has not represented any potential parties- in-interest in connection with matters relating to the Debtors, its estates, assets or business and will not represent other entities which are creditors of, or have other relationships to, the Debtors in matters relating to the Chapter 11 cases.

20.    Neither I, Klinger, nor any professional employee of Klinger is related to the Debtors, its creditors or any other party in-interest herein or their respective attorneys in the matter for which Klinger is proposed to be retained.

21.     It is Klinger's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new relevant facts or relationships are discovered or arise, Klinger will promptly file a supplemental disclosure. Klinger reserves the right to supplement this Affidavit in the event that Klinger discovers any facts bearing on matters described in this Affidavit regarding Klinger's employment by the Debtors.

22.    Accordingly, based upon the reasons set forth herein, Klinger is a "disinterested person," as defined in Section 101(14) and as required by Section 327(a) of Title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

23.    Based upon all the foregoing, I respectfully submit that Klinger does neither hold nor represent any interest adverse to the Debtors herein or their estates, in the matters upon which

it is to be engaged.

24.    Klinger shall make proper application to the Court for compensation for the services rendered to the Debtors in this proceeding pursuant to sections 330 and 331 of the Bankruptcy Code.

25.    To the best of my knowledge, Klinger is a disinterested person within the meaning of §101(14) of the Bankruptcy Code in that its members and associates (a) are not creditors, equity security holders or insiders of the Debtors, (b) are not and were not within two years before the Filing Date a director, officer or employee of the Debtors, (c) do not have an interest adverse to the interest of the estate, or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

26.    Klinger is not aware of any past or present relationship that would disqualify Klinger from representing the Debtors.

27.    I understand there is a continuing duty to disclose any adverse interest and change of disinterestedness.

28.    Klinger has not shared or agreed to share any of its compensation with any other person, other than a principal, professional or employee of Klinger, as permitted by Section 504 of the Bankruptcy Code. The proposed engagement of  Klinger is not prohibited by Bankruptcy Rule 5002.

**WHEREFORE**, your Deponent respectfully requests the entry of the order annexed to the Application as Exhibit "A", together with such other and further relief as is proper.

*/s/ Lee Klinger*
Lee Klinger